## THE INHABITANTS OF WILTON

### *versus*

## THE INHABITANTS OF NEW VINEYARD.

It is competent for the Legislature in annexing a part of one town to another to provide that persons having a legal settlement therein, but absent or residing elsewhere at the time, shall thereafterwards have their settlement in the town to which such part is annexed.

By chapter 503 of the special laws of 1856, persons then having a legal settlement in that part of Strong set off to New Vineyard, absent or re-residing elsewhere at the time, acquired their settlement in the latter town.

The facts in this case were agreed by the parties.

This is an action of assumpsit brought by the inhabitants of said Wilton against the inhabitants of said New Vineyard for supplies furnished by said town of Wilton to one Jacob Welch and his family, paupers, who fell into distress in the town of Wilton, and in need of immediate relief, which was furnished by the inhabitants of said Wilton.

It is agreed by the parties in this action that said Jacob Welch and his family, on the 28th day of March, 1856, were paupers supported by the town of Strong, and at that time

Inhabitants of Wilton v. Inhabitants of New Vineyard.

said Welch and his family had their legal settlement in said Strong from a residence of themselves or ancestors on that portion of the territory of the town of Strong which was set off from the town of Strong to the town of New Vineyard by the legislature of this state, March 28, 1856, being an act entitled an act to set off certain lands from the town of Strong and annex the same to the town of New Vineyard.

Said Welch and family did not reside on said territory at the time of the passage of said act and had not resided there for several years, but had gained no residence elsewhere.

*S. Cram,* counsel for plaintiffs, argued that by the act of March 28, 1856, setting off a portion of the town of Strong to the town of New Vineyard, the legislature had rightfully determined that paupers having a settlement on that portion set off should be supported by the town of New Vineyard. Belgrade v. Dearborn, 21 Maine R., 334; Groton v. Shirley, 7 Mass., 156; Lexington v. Burlington, 19 Pick., 426.

*S. Belcher,* counsel for defendants, argued that the points to be determined in settling this question are identical with those decided in Starks v. New Sharon, 39 Maine R., 368. That the legislature has no power to impose such liabilities upon towns as the plaintiffs contend for, especially by acts conflicting with the general laws of the state, none of which they attempt to repeal.

Davis, J. By chapter 503 of the special laws of 1856, certain " territory, with the inhabitants thereon," was set off from the town of Strong and annexed to the town of New Vineyard. At the time of the passage of this act, March 28, 1856, Jacob Welch and his family were paupers residing in the town of Wilton, where they fell into distress,—but having a legal settlement in the town of Strong. Up to that time the expense of their support was paid by the inhabitants of Strong. But their settlement in that town was acquired by a residence on that portion of the territory set

Inhabitants of Wilton *v.* Inhabitants of New Vineyard.

off and annexed to New Vineyard; and it is contended that from that time the latter town is chargeable for their support.

By the general statute relative to the support of paupers, the annexation to one town of a part of the territory of another, transfers the settlement of no persons except those who "actually dwell and have their homes" on such territory at the time. R. S., chap. 32, sec. 1; Starks v. New Sharon, 39 Maine R., 368. But it is competent for the Legislature, in annexing a portion of one town to another, to provide that persons having a legal settlement therein, but absent or residing elsewhere at the time, shall thereafterwards have their settlement in the town to which such part is annexed. This was done in the case before us. Section third of the act annexing a portion of Strong to New Vineyard provides " that all paupers now supported by said town of Strong, or which may hereafter become chargeable to the town of Strong, by reason of a settlement gained or derived in the territory set off, shall hereafter be supported by and chargeable to said town of New Vineyard."

Jacob Welch and his family were at that time " paupers supported by the town of Strong;" and they had a " settlement gained in the territory set off." The town of New Vineyard was, therefore, from that time, liable for their support. According to the agreement of the parties, judgment must be entered for the plaintiffs for the sum of thirty-two dollars and sixty-eight cents.